IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

|  |  |
|---|---|
| DICKSTEIN SHAPIRO LLP, a District of Columbia limited liability partnership<br><br>Plaintiff,<br><br>v.<br><br>SOJOURNER-DOUGLASS COLLEGE, a Maryland nonprofit corporation based in Baltimore City<br><br>Defendant. | Case No. 1:15-cv-00947 |

## COMPLAINT

Plaintiff Dickstein Shapiro LLP ("Dickstein"), by and through its attorneys, brings this action against Defendant Sojourner-Douglass College ("SDC"), for damages arising from unpaid legal fees in the amount of $98,599.41.

## PARTIES

1.    Plaintiff Dickstein Shapiro LLP is a law firm formed as a limited liability partnership under the law of the District of Columbia, with its principal place of business at 1825 Eye Street NW, Washington, DC  20006.

2.    Defendant Sojourner-Douglass College ("SDC") is a private college and nonprofit corporation located in Baltimore, Maryland and formed under the law of Maryland.[1]

---

[1] *See Accreditations and Affiliations*, Sojourner-Douglass College, http://www.sdc.edu/about/accreditation.asp (last visited March 30, 2105).

## JURISDICTION AND VENUE

3.      The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that the parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) in that SDC resides in the District of Maryland.

## FACTUAL BACKGROUND

5.      In or around February 2011, SDC retained Dickstein to represent SDC in all aspects of negotiating, documenting, and implementing a potential joint venture with Latimer Education, Inc. to, among other things, facilitate the delivery of certain of Sojourner-Douglass College's academic programs online.

6.      This agreement was memorialized in a Retention Agreement executed by Neil Lefkowitz, Esq., the relationship and billing partner at Dickstein, and Donald L. Hutchins, Vice President for Administrative and Fiscal Affairs at SDC, on February 3, 2011.[2]

7.      The Retention Agreement established the scope of Dickstein's representation, the fees and hourly rates of the attorneys principally involved in the representation, and Dickstein's policy for reimbursement of costs associated with the representation.  The also letter stated that Dickstein would provide monthly invoices to SDC, and advised SDC that the firm "will expect each invoice to be paid within 30 days."

8.      As required by the Retention Agreement, SDC paid a retainer fee of $7,500 at the outset of the representation to be applied against the final billing.[3]

---

[2] Letter from Neil Lefkowitz to Donald L. Hutchins (January 28, 2011) (hereinafter "Retention Agreement"), attached as Exhibit 1 and incorporated into this Complaint by reference.

9.      Between March 2011 and March 2012, Dickstein provided legal services to SDC related to negotiating, documenting, and implementing a potential joint venture in an amount equal to the hourly value of $283,709.88, which included a 10% discount to Dickstein's typical hourly rates.[4]  Dickstein also incurred $941.57 in costs related to its representation of SDC in the matter.[5]

10.     Dickstein provided 14 invoices for legal services and expenses to SDC, as required by the Retention Agreement, between March 2011 and March 2012.[6]

11.     At no time during the course of the relationship between SDC and Dickstein has SDC objected to the amounts invoiced or the quality of Dickstein's legal services rendered.

12.     After SDC fell behind on payments, SDC promised to catch up on amounts due by making an immediate payment of $10,000, followed by monthly payments of $4,000 a month between February and August 2012.[7]

13.     To date, SDC has paid the firm a total of $186,052.04 of the $284,651.45 total owed for services rendered.  SDC last made a partial payment on the balance in March 2014.

14.     Despite repeated and proper demands by Dickstein, and repeated assurances by SDC management that SDC would provide payment in full, SDC has failed to pay $98,599.41 outstanding for legal services rendered.[8]

---

[3] *Id*. at 3.  This retainer payment was applied to SDC's outstanding balance in August 2014.

[4] Invoice Summary for client S0194 (Sojourner-Douglass College) (hereinafter "Invoice Summary"), attached as Exhibit 2 and incorporated into this Complaint by reference; Retention Agreement at 2.

[5] *Id*.

[6] *See id*.

[7] Email from Donald Hutchins to Neil Lefkowitz (February 21, 2012, 6:17 PM), attached as Exhibit 3 and incorporated into this Complaint by reference.

3

## COUNT I
### Action for Account Stated

15. Paragraphs 1 through 14 of this Complaint are incorporated by reference as if set forth fully herein.

16. The Retention Agreement created a relationship whereby Dickstein provided legal services to SDC in exchange for payment based on the total hourly value of those legal services and associated costs.

17. Dickstein provided monthly invoices of fees and costs to SDC as required by the Retention Agreement.

18. SDC did not and has not objected to the amounts invoiced or the quality of the legal services provided by Dickstein.

19. Indeed, SDC management has consistently and expressly stated that they intended to pay the account balance in full.

20. SDC has failed, however, to provide full payment for the services and costs as established by the Retention Agreement in the amount of $98,599.41.

21. The amount due on this open account is established by the Invoice Summary attached to this Complaint as Exhibit 2.

## COUNT II
### Breach of Contract

22. Paragraphs 1 through 21 of this Complaint are incorporated by reference as if set forth fully herein.

---

[8] *See* Invoice Summary.

23. SDC retained Dickstein in February 2011 to provide specified legal services at the hourly rates established in the Retention Agreement, attached to this Complaint as Exhibit 1.

24. Dickstein provided the agreed-upon services under the Retention Agreement between March 2011 and March 2012.

25. In particular, Dickstein provided services related to the negotiation, documentation, and potential implementation of a joint venture involving SDC in an amount equal to the hourly value of $283,709.88 and incurred costs related to these services of $941.57, for a total of $284,651.45.

26. Despite Dickstein's attempts to resolve the outstanding balance via payment plans over time and SDC's express promises to pay the outstanding balance in full, SDC has failed to pay $98,599.41 on its outstanding balance.

27. SDC's failure to provide full payment for the services and costs as established by the Retention Agreement constitutes a breach of that agreement. This breach resulted in corresponding damages of $98,599.41.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dickstein Shapiro LLP respectfully requests that:

1. The Court enter judgment in Dickstein's favor against SDC in the amount of $98,599.41 for unpaid, billed time for legal services performed and expenses incurred under the Retention Agreement, with interest, provided for in the retainer agreement, plus Dickstein's costs, disbursements, and reasonable attorney fees attributable to pursuing this action; and

2. The Court grant such other and further relief as the Court may deem just and proper.

Dated:  April 1, 2015                            Respectfully submitted

By:  /s/ *Nicholas S. Cheolas*
    Nicholas S. Cheolas
    D. Md. Bar No. 07202
    DICKSTEIN SHAPIRO LLP
    1825 Eye Street, NW
    Washington, DC   20006-5403
    Telephone: (202) 420-2200
    Facsimile: (202) 420-2201
    cheolasn@dicksteinshapiro.com

*Counsel for Plaintiff Dickstein Shapiro LLP*